Query    Reports    Utilities    Help    What's New    Log Out

CLOSED, CUSTODY

# U.S. District Court
## Middle District of Florida (Ft. Myers)
## CRIMINAL DOCKET FOR CASE #: 2:21-mj-01156-MRM All Defendants

Case title: USA v. Acker                           Date Filed: 10/20/2021
Other court case number: 3:21-cr-66-TKW Northern District of    Date Terminated: 10/21/2021
Florida-Pensacola Division

Assigned to: Magistrate Judge Mac R. McCoy

**Defendant (1)**

**John E. Acker**
*TERMINATED: 10/21/2021*

| **Pending Counts** | **Disposition** |
|---|---|
| None | |

| **Highest Offense Level (Opening)** | |
|---|---|
| None | |

| **Terminated Counts** | **Disposition** |
|---|---|
| None | |

| **Highest Offense Level (Terminated)** | |
|---|---|
| None | |

| **Complaints** | **Disposition** |
|---|---|
| 18:1343.F FRAUD BY WIRE, RADIO, OR TELEVISION, 18:1957-9820.F ENGAGING IN MONETARY TRANSACTIONS | |

**Plaintiff**

**USA**                          represented by  **Michael V. Leeman**
US Attorney's Office - FLM
Room 3-137

2110 First Street
Ft Myers, FL 33901
239-461-2200
Fax: 2394612219
Email: Michael.Leeman@usdoj.gov
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

| Date Filed | # | Docket Text |
|---|---|---|
| 10/20/2021 | 1 | Arrest pursuant to Rule 5(c)(2) of John E. Acker from the Northern District of Florida-Pensacola Division. (FN) (Entered: 10/20/2021) |
| 10/20/2021 | 3 | NOTICE OF HEARING as to John E. Acker: Initial Appearance - Rule 5(c)(3) set for 10/20/2021 at 01:30 PM by Zoom Video Conference before Magistrate Judge Mac R. McCoy. The Clerk of Court will transmit instructions for joining the video conference by separate email to the required participants. <u>NOTE THE FOLLOWING SPECIAL PROCEDURES</u>: (1) only Defendant and the Defendant's counsel may join the video conference beginning at 1:30 PM to permit Defendant and counsel to confer before the formal hearing begins, and the Court allocates the first 30 minutes of the video conference for that purpose; and (2) all other hearing participants must join the video conference promptly at *but no sooner than* 2:00 PM, at which time the formal hearing will commence. (FN) (Entered: 10/20/2021) |
| 10/20/2021 | 5 | ORAL MOTION to Appoint Counsel by John E. Acker. (FN) (Entered: 10/20/2021) |
| 10/20/2021 | 6 | ORAL MOTION to Continue Detention Hearing by John E. Acker. (FN) (Entered: 10/20/2021) |
| 10/20/2021 | 7 | ORAL MOTION for Detention by USA as to John E. Acker. (FN) (Entered: 10/20/2021) |
| 10/20/2021 | 8 | ORAL MOTION for Bond by John E. Acker. (FN) (Entered: 10/20/2021) |
| 10/20/2021 | 9 | Minute Entry for Virtual proceedings held before Magistrate Judge Mac R. McCoy: granting 5 ORAL Motion to Appoint Counsel as to John E. Acker (1); granting 6 ORAL Motion to Continue Detention Hearing as to John E. Acker (1); INITIAL APPEARANCE in Rule 5(c)(3) proceedings held on 10/20/2021 before Magistrate Judge Mac R. McCoy as to John E. Acker from the Northern District of Florida-Pensacola Division. (Digital) (FN) (Entered: 10/20/2021) |
| 10/20/2021 | 10 | **ORDER APPOINTING FEDERAL PUBLIC DEFENDER as to John E. Acker. Signed by Magistrate Judge Mac R. McCoy on 10/20/2021. (FN)** (Entered: 10/20/2021) |
| 10/20/2021 | 11 | **ORAL ORDER as to John E. Acker: DUE PROCESS PROTECTION ACT ORAL ORDER. As required by Rule 5(f), the United States is ordered to produce all exculpatory evidence to the defendant pursuant to Brady v. Maryland and its progeny. Failing to do so in a timely manner may result in consequences, including exclusion of evidence, adverse jury instructions, dismissal of charges and contempt proceedings. Signed by Magistrate Judge Mac R. McCoy on 10/20/2021. (FN)** (Entered: 10/20/2021) |

| 10/20/2021 | 12 | NOTICE OF HEARING as to John E. Acker: Detention Hearing set for 10/21/2021 at 01:45 PM by Zoom Video Conference before Magistrate Judge Mac R. McCoy. The Clerk of Court will transmit instructions for joining the video conference by separate email to the required participants. NOTE THE FOLLOWING SPECIAL PROCEDURES: (1) only Defendant and the Defendant's counsel may join the video conference beginning at 1:45 PM to permit Defendant and counsel to confer before the formal hearing begins, and the Court allocates the first 30 minutes of the video conference for that purpose; and (2) all other hearing participants must join the video conference promptly at *but no sooner than* 2:15 PM, at which time the formal hearing will commence. (FN) (Entered: 10/20/2021) |
| --- | --- | --- |
| 10/21/2021 | 15 | Minute Entry for Virtual proceedings held before Magistrate Judge Mac R. McCoy: granting 7 ORAL Motion for Detention as to John E. Acker (1); denying 8 ORAL Motion for Bond as to John E. Acker (1). Detention Hearing as to John E. Acker held on 10/21/2021. (Digital) (FN) (Entered: 10/21/2021) |
| 10/21/2021 | 16 | **ORDER OF DETENTION PENDING TRIAL and COMMITMENT TO ANOTHER DISTRICT as to John E. Acker. Defendant committed to the Northern District of Florida-Pensacola Division. Signed by Magistrate Judge Mac R. McCoy on 10/21/2021. (FN)** (Entered: 10/21/2021) |
| 10/21/2021 |  | NOTICE to Northern District of Florida- Pensacola Division of a Rule 5 or Rule 32. Detention Hearing as to John E. Acker regarding your case number: 3:21-cr-66-TKW. Using your PACER account, you may retrieve the docket sheet and any documents via the case number link. No documents/record will be sent. If you require certified copies of any documents please send a request to InterdistrictTransfer_FLMD@flmd.uscourts.gov. If you wish the court to use a different email address in the future, please send a request to update your address to InterdistrictTransfer_TXND@txnd.uscourts.gov. (FN) (Entered: 10/21/2021) |

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.

JOHN E. ACKER

_____/

CASE NO.: 2:21-mj-1156-MRM

Charging District:
Northern District of Florida
Charging District Case No.:
3:21-cr-66-TKW

## ORDER ON REMOVAL PROCEEDINGS, DETENTION, AND COMMITMENT TO ANOTHER DISTRICT

The Defendant was arrested and presented for an Initial Appearance before this Court in connection with removal proceedings pursuant to Fed. R. Crim. P. 5(c). The Court informed Defendant of the rights specified in Fed. R. Crim. P. 5(c) and the provisions of Fed. R. Crim. P. 20. Defendant requested and was determined by the Court to be eligible for court-appointed counsel. Therefore, the Court appointed counsel to represent Defendant for purposes of proceedings in the Middle District of Florida only. Defendant waived the right to an identity hearing. Defendant also waived the right to production of the warrant.

The Government seeks detention pending Defendant's removal to the Northern District of Florida on the grounds that Defendant is a serious risk of flight and a danger to the community. Defendant, through Defendant's counsel, voluntarily waived the right to a detention hearing in this District only and agreed to remain in custody pending removal.

Based upon the foregoing and upon consideration of the factors enumerated in 18 U.S.C. § 3142(g), the Court **ORDERS** that:

1. Defendant shall be detained, shall be held to answer, and shall have all remaining hearings in the District Court in which the charge(s) and prosecution are pending: *i.e.*, the Northern District of Florida. This Order is without prejudice to Defendant's ability to seek conditions of release after Defendant's removal to the charging District.

2. The United States Marshal must transport the Defendant, together with a copy of this Order, to the charging District and deliver the Defendant to the United States Marshal for that District, or to another officer authorized to receive the Defendant.

3. The United States Marshal or authorized officer in the charging District should immediately notify the United States Attorney and the Clerk of Court for that District of the Defendant's arrival so that further proceedings may be promptly scheduled.

4. The Clerk of this Court is directed to promptly transmit the papers to the charging District.

**DONE** and **ORDERED** in Fort Myers, Florida on October 21, 2021.

Mac R. McCoy
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties
United States Marshals Service

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

UNITED STATES OF AMERICA

VS                                                   CASE NO.    3:21cr66-TKW

JOHN E. ACKER

### WARRANT FOR ARREST

TO:  The United States Marshal
and any Authorized United States Officer

YOU ARE HEREBY COMMANDED to arrest    <u>JOHN E. ACKER</u>
                                                      Name

and bring him or her forthwith to the nearest magistrate to answer

## Indictment

charging him or her with:

Ct. 1 – 37  WIRE FRAUD
in violation of Title    18      United States Code, Section(s)        1343

Ct. 38 – 44  MONEY LAUNDERING
in violation of Title 18 United States Code, Sections(s) 1957

| | |
|---|---|
| Jessica J. Lyublanovits | Clerk of Court |
| Name of Issuing Officer | Title of Issuing Officer |
| Deputy Clerk: Paula Cawby | September 24, 2021   PENSACOLA |
| | Date                    Location |
| Bail fixed at        $ | |
| And/or in accordance with Comprehensive Crime Control Act of 1984 | by    Michael J. Frank |
| | Name of Judicial Officer |

| RETURN |
|---|
| This warrant was received and executed with the arrest of the above-named defendant at : |

| DATE RECEIVED | NAME AND TITLE OF ARRESTING OFFICER | SIGNATURE OF ARRESTING OFFICER |
|---|---|---|
| DATE OF ARREST | | |

# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
### PENSACOLA DIVISION

**UNITED STATES OF AMERICA**

v.

**JOHN E. ACKER**

_____/

**SEALED
INDICTMENT**

3: 21cr66 - TKW

**CERTIFIED A TRUE COPY**
Jessica J. Lyublanovits, Clerk of Court

By _____
Deputy Clerk

**THE GRAND JURY CHARGES:**

**COUNTS ONE THROUGH THIRTY-SEVEN**

## A. THE CHARGE

Between on or about May 1, 2013, and on or about October 9, 2020, in the

Northern District of Florida and elsewhere, the defendant,

**JOHN E. ACKER,**

did knowingly and willfully devise, and intend to devise, a scheme to defraud and

for obtaining money and property by means of material false and fraudulent

pretenses, representations, and promises, and for the purpose of executing such

scheme, did cause wire communications to be transmitted in interstate commerce.

## B. SCHEME TO DEFRAUD

It was part of the scheme to defraud that:

Returned in open court pursuant to Rule 6(f)

Sept 21, 2021
**Date**

_____
**United States Magistrate Judge**

1.     Defendant **JOHN E. ACKER** ("**ACKER**") was the owner and registered agent of multiple corporations in the state of Florida, including Miracle Strip Holdings X LLC, Fujimo Development LLC, and Shipwreck Road LLC. **ACKER** purportedly used these corporations to make business investments and conduct real estate transactions.

2.     **ACKER** solicited and induced numerous individuals and corporate entities ("investors") to invest money with him by making various material false and fraudulent representations and promises, including that the investment was for a real estate or other business-related "deal" with high guaranteed returns. **ACKER** fraudulently told "investors" the "deal" in which they were investing was the purchase and sale, or "flip," of one or more properties, usually described by **ACKER** as a nursing home, assisted living facility, rehabilitation facility, or a set of fast-food chain franchises.

3.     **ACKER** used his relationships with other "investors," attorneys, businesses or business owners, and other prominent members of the community to influence "investors" to give him money. **ACKER** often mischaracterized the nature of the relationship or falsely claimed a relationship existed when it did not. **ACKER** also falsely claimed he had independent wealth from a trust fund, and **ACKER** sometimes stated or implied he was personally investing in the same opportunity being offered or that he was capable of personally guaranteeing a

2

return on the opportunity. **ACKER** made these and other false and fraudulent misrepresentations in order to appear legitimate and induce trust, and "investors" relied on these material misrepresentations in deciding to give **ACKER** money.

4.      Instead of using the funds from "investors" for any investment or investment-related purpose claimed, **ACKER** used the funds to pay personal expenses for himself and his family and to pay back prior "investors" whose funds **ACKER** had misused. **ACKER** failed to tell "investors" material facts about how their funds were actually going to be used, and "investors" would not have given **ACKER** any money had they known their funds would be used to pay **ACKER**'s personal expenses or to pay other "investors" who had previously given **ACKER** funds.

5.      **ACKER** repeatedly solicited "investors" for additional funds by making various material false and fraudulent representations and promises. **ACKER** fraudulently told "investors" additional funds were needed for closing costs, earnest money deposits, or other things needed to close or complete their original "deal." **ACKER** also fraudulently told "investors" additional funds were needed to secure financing or help close a different "deal," which they were guaranteed to get back. Sometimes **ACKER** characterized these funds as loans that would be paid once the guaranteed "deal" was closed. However, **ACKER** then

used these additional funds to pay for personal expenses or to pay back other "investors" as well.

6. To perpetrate his scheme, **ACKER** used multiple bank accounts in his name and in the name of corporations that he controlled, including, but not limited to: Wells Fargo Bank accounts ending in 3162 in the names of **ACKER** and his wife at the time ("WF3162") and ending in 4656 in the name of Miracle Strip Holdings XV LLC ("WF4656"); Hancock Bank accounts ending in 4072 in **ACKER**'s name ("HB4072") and ending in 9695 in the name of Miracle Strip Holdings X LLC ("HB9695"); PNB Community Bank account ending in 5367 in the names of **ACKER** and his wife ("PNB5367"); and Regions Bank accounts ending in 3036 in the name of Shipwreck Road LLC ("RB3036") and ending in 7787 in the name of Fujimo Development LLC ("RB7787").

7. After **ACKER** was made aware that he was under criminal investigation, **ACKER** took steps to attempt to conceal his scheme to defraud, including telling "investors" **ACKER** would send them a payment if they gave **ACKER** all documents related to their dealings. **ACKER** also fraudulently induced one "investor" to wire money directly to **ACKER**'s criminal defense attorney's trust account by falsely misrepresenting that the money was for closing a real estate "deal."

4

8. As a result of his scheme to defraud, **ACKER** received over $4 million in fraudulently obtained funds.

## C. WIRE COMMUNICATIONS

On or about the following dates, in the Northern District of Florida and elsewhere, the defendant,

### JOHN E. ACKER,

for the purpose of executing this scheme to defraud, caused wire communications to be transmitted in interstate commerce as a result of the following transactions:

| COUNT | DATE | TRANSACTION |
|-------|------|-------------|
| 1 | April 13, 2017 | $70,000 check from M.S. into WF3162 |
| 2 | April 14, 2017 | $38,000 wire transfer from M.S. to WF3162 |
| 3 | April 19, 2017 | $75,000 wire transfer from M.S. to WF3162 |
| 4 | April 26, 2017 | $100,000 wire transfer from M.S. to WF3162 |
| 5 | May 1, 2017 | $150,000 wire transfer from M.S. to WF3162 |
| 6 | August 6, 2018 | $30,000 check from B.H. LLC into HB9695 |
| 7 | October 24, 2018 | $10,000 check from B.H. LLC into HB9695 |
| 8 | October 25, 2018 | $2,000 check from HB4072 to D.C. |
| 9 | November 8, 2018 | $25,000 check from C.A.U. LLC into HB9695 |
| 10 | November 21, 2018 | $33,000 check from T.V. into HB9695 |
| 11 | February 4, 2019 | $71,000 wire transfer from S.R. to HB9695 |
| 12 | February 4, 2019 | $20,000 check from HB9695 to D.D. |
| 13 | February 5, 2019 | $2,000 check from HB9695 to B.H. LLC |
| 14 | February 12, 2019 | $54,210 wire transfer from S.R. to HB9695 |
| 15 | February 13, 2019 | $1,500 check from HB4072 to D.C. |
| 16 | February 22, 2019 | $12,500 wire transfer from S.R. to HB9695 |
| 17 | February 22, 2019 | $36,210 wire transfer from S.R. to HB9695 |
| 18 | February 22, 2019 | $5,000 check from HB9695 to B.H. LLC |
| 19 | February 26, 2019 | $25,000 wire transfer from S.R. to HB9695 |
| 20 | February 28, 2019 | $32,500 check from S.R. into HB9695 |
| 21 | February 28, 2019 | $2,500 check from HB9695 to B.H. LLC |

5

| COUNT | DATE | TRANSACTION |
|-------|------|-------------|
| 22 | February 28, 2019 | $2,500 check from HB9695 to B.H. LLC |
| 23 | July 22, 2019 | $21,000 check from C.C. into HB9695 |
| 24 | September 12, 2019 | $32,000 check from C.C. into HB9695 |
| 25 | January 3, 2020 | $122,160 wire transfer from E.I. LP to PNB5367 |
| 26 | January 6, 2020 | $10,000 check from PNB5367 to K.B. |
| 27 | January 7, 2020 | $10,000 check from PNB5367 to D.C. |
| 28 | January 9, 2020 | $10,000 check from PNB5367 to T.W. |
| 29 | January 10, 2020 | $216,500 wire transfer from E.I. LLP to PNB5367 |
| 30 | January 10, 2020 | $10,000 check from PNB5367 to T.W. |
| 31 | January 10, 2020 | $25,000 check from PNB5367 to C.C. |
| 32 | February 6, 2020 | $25,000 wire transfer from B.J. to PNB5367 |
| 33 | February 7, 2020 | $28,000 wire transfer from B.J. to PNB5367 |
| 34 | February 7, 2020 | $10,000 check from PNB5367 to C.C. |
| 35 | July 17, 2020 | $175,000 wire transfer of from T.B.F. to RB3036 |
| 36 | July 17, 2020 | $50,000 wire transfer from RB3036 to B.J. |
| 37 | October 1, 2020 | $80,000 wire transfer from T.J.L. PC to S.K. IOLTA Trust Account |

In violation of Title 18, United States Code, Section 1343.

## COUNTS THIRTY-EIGHT THROUGH FORTY-FOUR

The allegations contained in section B of Counts One through Thirty-Seven

of this Indictment are realleged and incorporated as if fully set forth herein.

On or about the dates listed below, in the Northern District of Florida, the

defendant,

## JOHN E. ACKER,

6

did knowingly engage and attempt to engage in a monetary transaction by,

through, and to a financial institution, in and affecting interstate commerce, in

criminally derived property of a value greater than $10,000, as listed below, such

property having been derived from a specified unlawful activity, to wit, wire fraud,

in violation of Title 18, United States Code, Section 1343:

| COUNT | DATE | TRANSACTION | AMOUNT |
|---|---|---|---|
| 38 | April 18, 2017 | Payment from WF3162 to Saks Retail credit card | $10,737.22 |
| 39 | May 1, 2017 | Payment from WF3162 to American Express credit card | $11,000.00 |
| 40 | May 2, 2017 | Payment from WF3162 to American Express credit card | $15,270.17 |
| 41 | February 12, 2019 | Transfer from HB9695 to HB4072 | $28,000.00 |
| 42 | February 15, 2019 | Cashier's check from HB9695 to Maddox Jewelers | $13,050.00 |
| 43 | July 22, 2019 | Check from HB9695 to Trading Post Pawn Shop | $18,000.00 |
| 44 | January 10, 2020 | Wire transfer from PNB5367 to Four Season Resort Vail | $17,500.00 |

In violation of Title 18, United States Code, Section 1957.

## CRIMINAL FORFEITURE

The allegations in Counts One through Forty-Four of this Indictment are

hereby realleged and incorporated by reference for the purpose of alleging

forfeiture. From the defendant's engagement in the violations alleged in Counts

One through Forty-Four of this Indictment, the defendant,

7

### JOHN E. ACKER,

shall forfeit to the United States of America:

(A)     pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), upon conviction of an offense in violation of Title 18, United States Code, Sections 1343, any and all of the defendant's right, title, and interest in any property, real and personal, constituting and derived from proceeds traceable to such offenses; and

(B)     pursuant to Title 18, United States Code, Section 982(a)(1), upon conviction of an offense in violation of Title 18, United States Code, Section 1957, any and all of the defendant's right, title, and interest in any property, real and personal, involved in such offenses, and any property traceable to such property.

If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

i.     cannot be located upon the exercise of due diligence;

ii.     has been transferred or sold to, or deposited with, a third person;

iii.     has been placed beyond the jurisdiction of this Court;

iv.     has been substantially diminished in value; or

v.     has been commingled with other property that cannot be divided without difficulty,

8

it is the intent of the United States, pursuant to Title 21, United States Code,

Section 853(p), as incorporated by reference in Title 18, United States Code,

Section 982(b)(1), and Title 28, United States Code, Section 2461(c), to seek

forfeiture of any other property of said defendant up to the value of the forfeitable

property.

A TRUE BILL:

FOREPERSON

21 SEP 2021
DATE

JASON R. COODY
Acting United States Attorney

ALICIA H. FORBES
Assistant United States Attorney

J. RYAN LOVE
Assistant United States Attorney

9

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.                                          CASE NO.: 2:21-mj-1156-MRM

JOHN E. ACKER

| Judge: | Mac R. McCoy | Counsel for Government | Michael V. Leeman |
|---|---|---|---|
| Deputy Clerk: | Fabiana Nicastri | Counsel for Defendant: | Yvette C. Gray |
| Court Reporter | Digital | Pretrial/Probation | Ruben Fournier |
| Date/Time | October 20, 2021 02:12 PM- 02:31 PM | Interpreter | N/A |
| Bench Time | 19 Minutes | | |

**Initial Appearance - Rule 5 (c)(3)**

Defendant present with counsel. Court advised defendant of rights. Court advised the Defendant about his rights to have the hearing in person. Defendant consented to the hearing to be held by video conference.

Defendant sworn. Court questions the Defendant about his financial resources on the record and advises of his rights to representation. Based on the court findings of the Defendants' resources, the Federal Public Defender is appointed for purposes of representation in the Middle District of Florida. Order to follow.

Government summarized allegations and possible penalties. Court advised defendant of identity hearing and the production of the warrant. The Defendant consented to waive his rights on these matters. Court advised defendant of transfer rights.

Government recommends that the Defendant be detained. Federal Public Defender requests that a Detention Hearing be held as early as tomorrow. Court grants request. Detention Hearing to be set by separate notice.

Oral Order as required by Rule 5(f), the United States is ordered to produce all exculpatory evidence to the defendant pursuant to Brady v. Maryland and its progeny. Failing to do so in a timely manner may result in sanctions, including

exclusion of evidence, adverse jury instruction, dismissal of charges and contempt proceedings.

Defendant to remain in custody of the U.S. Marshal pending further proceedings.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.                                                  CASE NO.: 2:21-mj-1156-MRM

JOHN E. ACKER

| **Judge:** | Mac R. McCoy | **Counsel for Government** | Michael V. Leeman |
|---|---|---|---|
| **Deputy Clerk:** | Fabiana Nicastri | **Counsel for Defendant:** | Yvette Clair Gray |
| **Court Reporter** | Digital | **Pretrial/Probation** | Ruben Fournier |
| **Date/Time** | October 21, 2021 01:55 PM- 01:58 PM 02:03 PM-02:04 PM | **Interpreter** | N/A |
| **Bench Time** | 4 Minutes | | |

**Detention Hearing**

Defendant present with counsel. Defendant consented to the hearing to be held by video conference.

Defendant waives his rights to the Detention Hearing in the Middle District of Florida, reserving the right to seek conditions of release upon Defendant's removal to and initial appearance in the Northern District of Florida.

Court orders defendant detained without prejudice and removed to the Northern District of Florida.

Defendant to remain in custody of the U.S. Marshal pending further proceedings.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.                                                    CASE NO.: 2:21-mj-1156-MRM

JOHN E. ACKER

_____/

## ORDER APPOINTING COUNSEL
## UNDER THE CRIMINAL JUSTICE ACT

This Court has determined that the above-named Defendant is financially

unable to obtain adequate representation in the above-styled case, and is otherwise

qualified for appointment of counsel.  Accordingly, the Court makes the following

appointment under the Criminal Justice Act, 18 U.S.C. § 3006A (CJA):

### APPOINTMENT OF COUNSEL[1]

• The Federal Public Defender is appointed as counsel for the Defendant.

### TYPE OF APPOINTMENT

• Fed. R. Crim. P. 5(c)(2)(A) proceedings in this District.

---

[1] Regarding travel-related reimbursement requests for time and/or mileage, CJA counsel is advised:
(1) the Undersigned will not approve reimbursement for travel to and/or from the United States
Courthouse and Federal Building in Fort Myers; (2) the Undersigned may approve reimbursement
for reasonable travel to and/or from any detention facility where Defendant is in custody; and (3)
the Undersigned will determine the reasonableness of any other travel-related reimbursement request
on a case-by-case basis.

**DONE AND ORDERED** in Fort Myers, Florida on October 20, 2021.

Mac R. McCoy
United States Magistrate Judge

Copies furnished to:
Counsel of Record