# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA PENSACOLA DIVISION

UNITED STATES OF AMERICA

v.　　　　　　　　　　　　　　　　　　CASE NO. 3:21cr66/TKW

JOHN E. ACKER
_____/

## PLEA AGREEMENT

### 1. PARTIES TO AGREEMENT

This agreement is entered into by and between John E. Acker as Defendant, John L. Wilkins as attorney for Defendant, and the United States Attorney for the Northern District of Florida. This agreement specifically excludes and does not bind any other state or federal agency, including other United States Attorneys and the Internal Revenue Service, from asserting any civil, criminal, or administrative claim against Defendant.

### 2. TERMS

The parties agree to the following terms:

a.　　Defendant will plead guilty to Counts One through Thirty-Seven (wire fraud) and Thirty-Eight through Forty-Four (money laundering) of the Indictment. As to Counts One through Thirty-Seven, Defendant faces for each count a maximum term of twenty years' imprisonment, three years of supervised release, a $250,000 fine, and a $100 special monetary assessment. As to Counts Thirty-Eight through Forty-

1

Four, Defendant faces for each count a maximum term of ten years' imprisonment, three years of supervised release, a $250,000 fine or a fine that is not more than twice the amount of criminally derived property involved in the transaction, and a $100 special monetary assessment. Defendant agrees to pay the special monetary assessments on or before the date of sentencing. If Defendant is unable to pay the special assessment prior to sentencing due to indigence, Defendant agrees to participate in the Inmate Financial Responsibility Program. The maximum sentence to which Defendant is subject includes the forfeiture of all forfeitable assets.

  b. By voluntarily pleading guilty to the charges in the Indictment, Defendant, as to the counts pled herein, knowingly waives and gives up constitutional rights which attend a defendant on trial in a criminal case. These constitutional rights include: the right to plead not guilty; the right to have a jury or judge determine guilt on the evidence presented; the right to compel the government to prove guilt beyond a reasonable doubt; the right to confront and cross-examine witnesses; the right not to be compelled to incriminate oneself; the right to testify; the right to present evidence; and the right to compel the attendance of witnesses.

  c. Defendant is pleading guilty because Defendant is in fact guilty of the charges alleged in Counts One through Forty-Four of the Indictment. In pleading guilty, Defendant acknowledges that were this case to go to trial, the government would present evidence to support the charges beyond a reasonable doubt.

d. Upon the District Court's adjudication of guilt of Defendant for the charged crimes, the United States Attorney, Northern District of Florida, will not file any further criminal charges against Defendant arising out of the same transactions or occurrences to which Defendant has pled. Defendant agrees that substantial evidence exists to support the charges, as indicated in the agreed-upon statement of facts incorporated by reference into this plea agreement.

e. Nothing in this agreement shall protect Defendant in any way from prosecution for any offense committed after the date of this agreement.

f. If Defendant is not a citizen of the United States, Defendant understands that this conviction may adversely affect Defendant's immigration status, and Defendant may be removed from the United States, denied citizenship in the United States, and denied admission to the United States in the future.

g. The parties agree that the sentence to be imposed is left solely to the discretion of the District Court, which is required to consult the United States Sentencing Guidelines and take them into account when sentencing Defendant. The parties further understand and agree that the District Court's discretion in imposing sentence is limited only by the statutory maximum sentence and any mandatory minimum sentence prescribed by statute for the offenses.

h. Both parties reserve the right to advise the District Court and other authorities of their versions of the circumstances surrounding the offenses committed

by Defendant. The United States Attorney further reserves the right to correct any misstatements by Defendant or Defendant's attorney and to present evidence and make arguments pertaining to the application of the sentencing guidelines and the considerations set forth in Title 18, United States Code, Section 3553(a), including sentencing recommendations, and whether departure or variance upward or downward is appropriate.

## 3. SENTENCING

a. Defendant understands that any prediction of the sentence that may be imposed is not a guarantee or binding promise. Due to the variety and complexity of issues that may arise at sentencing, the sentence may not be subject to accurate prediction.

b. The parties understand and agree that either party may offer additional evidence relevant to sentencing issues. However, the Court is not limited to consideration of the facts and events provided by the parties. Adverse rulings or a sentence greater than anticipated shall not be grounds for withdrawal of Defendant's plea.

c. The parties reserve the right to appeal any sentence imposed.

## 4. VICTIM RESTITUTION

Defendant agrees to make full restitution to the victims as determined by the Court. Defendant agrees that the amount of restitution will include losses resulting

from related conduct for which Defendant was not convicted, if the loss flowed directly from the relevant conduct of which Defendant was a part.

## 5. FORFEITURE

Defendant specifically agrees to forfeit any and all interest he has in the following assets, and in doing so stipulates there is the requisite nexus between the offense conduct underlying this agreement and these assets, which are proceeds of the offenses of conviction, property that facilitated the offenses, and/or property involved in the offenses:

I.  approximately $1,472.73 seized on or about September 22, 2020, from Regions Bank account number 0282367787, held in the name of Fujimo Development, LLC, and controlled by Defendant; and

II. approximately $17,614.34 seized on or about September 22, 2020, from Regions Bank account number 0296893036 held in the name of Shipwreck Road, LLC, and controlled by Defendant.

## CONCLUSION

In every case in the Northern District of Florida in which the parties enter a Plea Agreement, the Court requires the parties to enter a sealed Supplement to Plea Agreement indicating whether or not Defendant agrees to cooperate with the United States Attorney. The parties agree to the Supplement to Plea Agreement entered in this case.

Defendant enters this agreement knowingly, voluntarily, and upon advice of counsel.

_/s/ John L. Wilkins_
JOHN L. WILKINS
Attorney for Defendant

_/s/ John E. Acker_
JOHN E. ACKER
Defendant

_2/8/2022_
Date

JASON R. COODY
United States Attorney

_/s/ Alicia Forbes_
ALICIA H. FORBES & J. RYAN LOVE
Assistant United States Attorneys

_2/8/22_
Date

6